IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JOE HAND PROMOTIONS, INC.,                              3:12-CV-604-BR
a Pennsylvania corporation,

       Plaintiff,                                          ORDER

v.

LESLIE ANN GLIDDON, individually
and as the alter ego of LG BREWSKIS,
LLC., dba LG BREWSKIS, and LG BREWSKIS,
LLC., an Oregon Domestic Corporation
dba LG BREWSKIS,

       Defendants.


**SAMUEL C. JUSTICE**
610 S.W. Alder Street, Suite 1000
Portland, OR 97205
(503) 295-2425, ext. 16

       Attorney for Plaintiff

**GEORGE M. GALLOWAY**
P.O. Box 184
Cove, Oregon 97824
(541) 420-3246

       Attorney for Defendants


1   -   ORDER

**BROWN, Judge.**

On February 26, 2013, the Court heard oral argument on Defendant's Motion (#16) for Sanctions. For the reasons stated on the record, the Court makes the following **Discovery Order** and **Protective Order**:

1. The Court concludes Defendant's Motion for Sanctions is premature and, therefore, construes Defendant's Motion as a Motion to Compel Discovery, which the Court **grants in part** and **denies in part** as stated herein.

2. The Court concludes Defendant's counsel is entitled to an unredacted copy of both the Zuffa Distributorship Agreement and the Dish Network/Joe Hand Productions Agreement pursuant to the terms of this **Protective Order as to Previously Redacted Material**: Defendant's counsel shall not disclose the contents of the previously redacted material to any person, including his clients, pending further order of the Court. If Defendant's counsel concludes this Protective Order should be modified or vacated after reviewing the unredacted document, Defendant's counsel must confer meaningfully with Plaintiff's counsel about the issue (in real time and at least by telephone rather than only in writing) in an effort to reach a stipulated modification thereof. The parties may then submit an agreed modification to the Court or, failing that, Defendant's counsel has leave to file a motion to modify this Order.

3.   With respect to Defendant's Interrogatory No. 17 and Defendant's Request for Production No. 7, the Court overrules Plaintiff's objection that Plaintiff need not answer this Interrogatory because Defendant faces strict liability on Plaintiff's statutory claim, and, therefore, that discovery of this matter is not likely to lead to the discovery of admissible evidence.  The Court concludes a response to this Interrogatory and production of the requested documents would, at the least, lead to the discovery of admissible evidence as to the Plaintiff's common-law conversion claim.  For the reasons stated on the record, however, the Court concludes this Interrogatory and Request for Production No. 7 should be time-limited to revenues from the broadcast of the April 10, 2010, event. Accordingly, the Court **compels** Plaintiff to make a sworn response to this Interrogatory as modified and to provide all discovery responsive to Request for Production No. 7 as modified **no later than March 15, 2013.**

4.   For the same reasons, the Court **compels** Plaintiff to make a sworn response to Interrogatory No. 18 as modified on the record as to revenues associated with the broadcast of the April 10, 2010 event, **no later than March 15, 2013.**

5.   With respect to Defendant's Request for Production No. 1, the Court **compels** Plaintiff (a) to confirm through a renewed, diligent search for responsive material as to the

April 10, 2010, broadcast in Oregon that all responsive material has, in fact, been produced, and (b) to file in the record of this case the sworn certification of a knowledgeable person that all responsive material has been produced.

    6.   The Court concludes Defendant's Request for Production No. 2 is overbroad and does not compel any further response to that request by Plaintiff.  Defendant has leave to renew the request on a more specific, narrow basis.

    7.   With respect to Defendant's Request for Production No. 3, the Court **compels** Plaintiff (a) to confirm through a renewed, diligent search for responsive material that all such responsive material in its possession or control has, in fact, been produced and (b) to file in the record of this case the sworn certification of a knowledgeable person that all responsive material has been produced.  If additional contracts are produced and contain material that Plaintiff contends should be subject to the Protective Order referenced above, the parties shall seek to resolve by agreement the modification of that Order to cover such additional documents.

    8.   With respect to Defendant's Request for Production No. 4 and No. 5, the Court declines to compel discovery on this record as it is unclear whether Defendant waived its work-product privilege to the requested materials.  To the extent that Defendant has a specific, factual basis to demonstrate the

privilege has, in fact, been waived, Defendant has leave to make a new motion to compel production of this material.

    9.    With respect to Defendant's Interrogatory No. 19 and No. 20, the Court **compels** Plaintiff to make an updated, formal response to each of these Interrogatories **no later than March 15, 2013**, with leave to specify any privilege that precludes disclosure of responsive matter.  In the event material is withheld on the basis of privilege, Plaintiff shall provide Defendant with a specific privilege log also **by March 15, 2013.**

    IT IS SO ORDERED.

    DATED this 27th day of February, 2013.

    /s/ Anna J. Brown

    _____
    ANNA J. BROWN
    United States District Judge